STATE *v.* BRANCH, COUNTY JUDGE.

### Opinion delivered January 28, 1918.

INHERITANCE TAX—PROCEEDINGS IN PROBATE COURT—NOTICE TO ATTORNEY GENERAL.—In proceedings in the probate court, under the act of 1913, page 824, to collect the inheritance tax, the proceedings are not void because the Attorney General was not notified of the same.

Appeal from Greene Circuit Court; *W. J. Driver,* Judge; affirmed.

*John D. Arbuckle,* Attorney General, and *Troy Pace, R. E. L. Johnson* and *T. D. Crawford,* special counsel, for appellant.

1.   The dismissal of petitioner's appeal was without prejudice to any other remedy by the State. The matter is not *res judicata.* 52 Ark. 376; 11 *Id.* 621; 29 *Id.* 318; 54 *Id.* 551; 16 Tex. 590.

2.   The State is a necessary party under the Act of 1913. A judgment without notice is void. 93 Ark. 274; Acts 1913, 837-840.

*W. S. Luna* and *S. R. Simpson,* for appellee.

1.   Sec. 13 Acts 1913, 835, etc., provides for no adversary proceeding. The State is not a necessary party. A liberal construction of the Act in favor of the taxpayer and against the State is indulged. 125 Ark. 385; 120 *Id.* 295; 100 *Id.* 175.

2.   The law has been strictly complied with. The State elected to appeal and can not bring *certiorari.* 122 Ark. 278; 91 *Id.* 112; 61 *Id.* 605. No notice is necessary as this is not an adversary proceeding.

McCULLOCH, C. J.   The Attorney General seeks to quash a judgment brought up by a writ of *certiorari*

issued by the circuit court of Greene County, rendered by the probate court of that county in fixing the amount of an inheritance tax due on the estate of a certain decedent. The circuit court refused to quash the judgment of the probate court and an appeal has been prosecuted to this court.

The proceedings arose under the Act of March 24, 1913, (Acts of 1913, p. 824) fixing the tax on inheritances and prescribing the method of assessment and collection of same, before that statute was amended by the Act of February 16, 1917, (Acts of 1917, p. 455). The probate court of Greene County, on application of the widow and devisee of the estate of J. W. Stuart, deceased, caused an appraisement of the property of said decedent to be made for the purpose of fixing the amount of the inheritance tax, and upon the report of the appraisers coming in made an order fixing the amount of the tax upon the inheritance so appraised. The Attorney General was not notified of the proceedings and he insists now that the judgment is void on that account. The contention of that officer is that the proceedings in the circuit court for the purpose of fixing the amount of an inheritance tax constitutes a controversy between the State and the parties who owe the tax, and that a judgment fixing the amount of the tax is void unless the proceedings are instituted by the Attorney General, or that he be notified so as to appear and represent the State's interest.

The determination of that question involves, of course, the construction of the language of the statute. Section 9 of the Act of 1913 provides that the tax imposed by the statute shall be due and payable at the death of the decedent and if paid within six months no interest shall be charged, but if not paid until after six months, interest shall be paid at the rate of six per centum per annum, and if not paid within twelve months that a penalty of ten per centum shall be added in addition to the interest. Section 10 requires every administrator, executor or trustee having in charge any legacy or property for

distribution subject to the tax to deduct the tax therefrom, and Section 12 provides that all inheritance taxes levied and collected shall be paid into the treasury of the State. Section 13 reads, in part, as follows:

"(1). When the value of any inheritance, devise, bequest or other interest subject to the payment of said tax is uncertain, the probate court in which the proceedings are pending, on the application of any interested party, at the instance of the Attorney General or upon its own motion, shall appoint some competent person as appraiser, as often as, and whenever occasion may require, who shall be a sworn officer of the court and whose duty it shall be to forthwith give such notice by mail to all persons known to have or claim an interest in such property, and to such persons as the court may by order direct, of the time and place at which he will appraise such property, and at such time and place to appraise the same and make a report thereof, in writing, to said court, together with such other facts in relation thereto as said court may by order require to be filed with the clerk of said court; and from this report the said court shall, by order, forthwith assess and fix the market value of all inheritances, devises, bequests and other interests, and the tax to which the same is liable; and shall immediately cause notice thereof to be given by mail, to all parties known to be interested therein."

Section 15 provides in substance that if the tax be not paid according to law the Attorney General shall cause the person interested to be cited and that he shall prosecute proceedings in the probate court for the collection of the tax.

It is a mistake to assume that the proceedings to appraise the property so as to fix the amount of the tax is necessarily an adversary proceeding between the State and the person who owes the tax on the inheritance, for Section 13 expressly provides that proceedings may be instituted by any interested party or by the Attorney General, or by the probate court on its own motion, and there is no provision for notice to the Attorney General

where the proceeding is not instituted by that officer. The amount of the tax is assessed according to the statutory plan, which does not contemplate an adversary proceeding, except in the case of delinquency, where the Attorney General is required to act by instituting proceedings against the delinquent. When the amount of the tax is assessed according to the statutory plan it becomes the duty of the party to pay the amount into the State treasury, and if he fails to do so within the time prescribed by law, that is to say within twelve months after the death of the former owner, then the Attorney General is required to act, and he is not required to do so except after there has been a failure to pay within the time prescribed.

While the plan prescribed in Section 13 for the appraisement of the inheritance does not contemplate notice to the Attorney General, yet the State is in fact represented by the assessing officer or tribunal, which is the county court. Whether or not the Attorney General is authorized to prosecute an appeal from an assessment made by proceedings to which he is not a party we need not now decide, as the question is not presented.

We are of the opinion that the circuit court correctly held that the judgment of the probate court was a valid exercise of that court's jurisdiction.

Affirmed.